Michael J. COLEMAN, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 405, 1998.

Supreme Court of Delaware.

Submitted: April 20, 1999.
Decided: May 28, 1999.

---

James D. Nutter, Office of the Public Defender, Wilmington, Delaware, for appellant.

William E. Molchen, Deputy Attorney General, Wilmington, Delaware, for appellee.

Before VEASEY, Chief Justice, WALSH, and HOLLAND, Justices.

HOLLAND, Justice:

This is a direct appeal from final judgments that were entered by the Superior Court in a criminal proceeding. The defendant-appellant, Michael Coleman ("Coleman"), pled guilty to two counts of Unlawful Sexual Contact in the Third Degree. At the time of sentencing, the Superior Court ordered Coleman to be registered as a sex offender pursuant to 11 *Del. C.* § 4120 ("Section 4120") and 11 *Del. C.* § 4336.[1]

In this appeal, Coleman argues that the Superior Court erroneously interpreted Section 4120 as requiring mandatory registration for all persons who are convicted of certain specified sexual offenses. We have concluded that Coleman's argument is without merit. We hold that Section 4120 mandates registration, when the trial judge determines at sentencing that the charge for which a defendant was convicted is one of the enumerated sexual offenses.

### Facts

On February 17, 1998, Coleman was indicted on charges of Unlawful Sexual Contact in the Second Degree,[2] Unlawful Sexual Penetration in the Third Degree,[3] and Endangering the Welfare of a Child.[4] The charges arose from an incident that occurred when Coleman was 18 years of age. On December 27, 1997, Coleman and a 13–year old female used heroin and marijuana and engaged in consensual sexual contact.

In May 1998, Coleman pled guilty to two counts of Unlawful Sexual Contact in the Third Degree[5] and Unlawful Sexual Penetration in the Third Degree. The State *nolle prossed* the remaining count of Endangering the Welfare of a Child. Coleman was sentenced in August 1998 to two years at Level V incarceration, suspended

---

1. 11 *Del. C.* § 4336(a) provides in part:
   [T]he Department of Correction ... shall provide written notice to the Attorney General, to the chief law enforcement officer of the jurisdiction which made the original arrest, to the chief law enforcement officer where the prisoner intends to reside and to the Superintendent of the State Police, of the release from incarceration of any person who has been convicted of: (i) any of *the* offenses specified in §§ 764 through 779 of Title 11....

2. 11 *Del. C.* § 768.

3. 11 *Del. C.* § 770. This was a lesser included offense of Unlawful Sexual Contact in the Second Degree.

4. 11 *Del. C.* § 1102(1)(a).

5. 11 *Del. C.* § 767.

for two years of decreasing levels of probation.

The Superior Court then determined that Coleman had pled guilty to an offense specified in Section 4120(a). Rejecting Coleman's contention that registration was discretionary, the Superior Court ruled that it was mandatory. The trial judge ordered Coleman to be registered as a sex offender.

### History of Legislation

The Delaware statute that provides for the registration of convicted sex offenders was enacted on June 27, 1994. Section 4120 was incorporated into Title 11 under a new Subchapter III of Chapter 41 entitled "Registration of Sexual Offenders." As originally enacted, registration pursuant to Section 4120 was mandatory.

Section 4120 was amended by House Bill No. 352, subsequently designated 71 Del. Laws, c. 203, effective July 17, 1997. The synopsis to the amending legislation included the following statement: "This will bring Delaware into compliance with Title 42 United States Code § 14271, The Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program, by the September 13, 1997 compliance deadline."[6] Compliance with the federal statute made Delaware eligible to receive federal funding.

The Delaware sex offender registration statute was redrafted and amended in 1998. The new provisions became effective March 1, 1999 and are divided into two sections. Section 4120 is entitled "Registration of sex offenders" and Section 4121 is entitled "Community notification of sex offender on probation, parole, conditional release or release from confinement." As amended, Section 4121(a)(4) requires that the following persons register as a sex offender:

a. Convicted after June 27, 1994 of any of the offenses specified in §§ 765 through 780, § 1100, §§ 1108 through 1112, § 1352(2) or § 1353(2) of this Title, or of any attempt to commit any of the aforementioned offenses; or

b. Any juvenile who is adjudicated delinquent after June 27, 1994 of any offense which would constitute any of the offenses set forth in subparagraph a of this paragraph if he or she had been charged as an adult;

c. Convicted after June 27, 1994 of any offense specified in the law of another State, the United States or any territory of the United States which is the same as, or equivalent to, any of the offenses set forth in subparagraph a., b., or d. of this paragraph; or

d. Convicted after September 1, 1998 of a violation of § 783(4) or § 783A(4) of this title, if the purpose of the crime was

---

**6.** 42 U.S.C. § 14071. Coleman raised a second argument in his Opening Brief. He asserted that because he would be exempt from registering as a sex offender under the Federal Guidelines established for state sex offender registration programs, Delaware could not require him to be registered. The explanation accompanying the Federal Guidelines provides, however, that the Jacob Wetterling Act constitutes the minimum requirements for state registration systems:

States that wish to achieve compliance with the Jacob Wetterling Act should understand that its requirements constitute a floor for state registration systems, not a ceiling, and that they do not risk the loss of part of their Byrne Formula Grant funding by going beyond its standards. For example, a State may have a registration system that covers

a broader class of sex offenders than those identified in the Jacob Wetterling Act, requires address verification for such offenders at more frequent intervals than the Act prescribes, or requires offenders to register for a longer period of time than the period specified in the Act.

*Final Guidelines for Megan's Law and the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act*, 62 Fed.Reg. 39009, 390013 (July 21, 1997). At oral argument, Coleman's attorney acknowledged that the Delaware General Assembly could properly enact a sex offender registration statute that exceeds the minimum requirements of the Jacob Wetterling Act. Coleman has abandoned the second argument presented in his Opening Brief as an issue in this appeal.

to facilitate any offense set forth in subparagraph a., b., or c. of this paragraph;

e. Charged by complaint, petition, information or indictment with any of the offenses set forth in subparagraphs a., b., c., or d. of this paragraph, and who thereafter pleads guilty to any offense included in the originally charged offense, as provided in § 206 of this Title, if the person is thereafter designated as a sex offender by the sentencing judge pursuant to subsection (e) of this section, such guilty plea occurring after September 1, 1998; . . .

The 1998 amendments allow certain convicted sex offenders to petition the sentencing court for relief from registration if three criteria are met. 11 *Del. C.* § 4121(e)(6) provides:

Notwithstanding any provision in this section or in § 4120 of this Title to the contrary, any person who would otherwise be designated as a sex offender pursuant to this section and to § 4120 of this Title may petition the sentencing court for relief from such designation, and from all obligations imposed by this section and § 4120 of this Title if:

a. the offense for which the person was convicted was a misdemeanor; and

b. the person has not previously been convicted of a violent felony, or any other offense set forth in paragraph (a)(4) of this section. . .; and

c. the sentencing court determines by a preponderance of the evidence that such a person is not likely to pose a threat to public safety if released from the obligations imposed by this section, and by § 4120 of this Title.

Notwithstanding anything in this paragraph to the contrary, no person shall be afforded relief from designation as a sex offender if the victim or victim of any of the offenses for which person was convicted were less than eighteen years old at the time of the crime, unless the person was also less than eighteen years old at the time of the crime in which

case the prohibition set forth in this sentence shall not apply. Any person seeking relief from such designation as a sex offender under the provisions of this paragraph shall file a petition with the sentencing court prior to sentencing requesting such relief. The petition shall be granted or denied by the sentencing court after it weighs all relevant evidence which bears upon the particular facts and circumstances of the offense and the character and propensities of the offender.

Coleman acknowledges that the 1998 amendments do not apply to him.

### Coleman's Convictions
### Registration Mandated by Statute

At the time of Coleman's sentencing 11 *Del. C.* § 4120(a) provided in relevant part:

*[a]ny person who is hereafter convicted in this State of any sexual offense specified in §§ 764 through 779 of Title 11 of the Delaware Code or any of the offenses specified in §§ 1108–1111 of Title 11 of the Delaware Code . . . shall be registered* by (i) the Department of Correction or the Department of Services to Children, Youth and Their Families (DSCYF), or the Department of Health and Social Services, as the case may be, at or prior to the time such person is released from such agency's custody, or (ii) the court at or prior to the time such person is released by a state court on probation or discharged by a state court upon payment of a fine, or on forms provided by the Superintendent of the Delaware State Police. . . .

*The Court in which any such person described in this subsection is sentenced shall designate at the time of sentencing whether, with respect to such person, compliance with this subchapter shall be required.*

(Emphasis supplied).

■ The provisions of a penal statute "must be construed according to the fair import of their terms to promote justice

and effect the purposes of the law." [7] Statutory enactments must be read as a whole and not in parts.[8] "Consequently, each part of the statute must be read in context to produce a harmonious whole." [9]

 A fundamental principle in statutory interpretation is to "ascertain and to give effect to the intent of the legislature." [10] "If there is no reasonable doubt as to the meaning of the words used, the statute is unambiguous and the Court's role is limited to an application of the literal meaning of the words." [11] We have concluded that the language at issue in Section 4210 is unambiguous.

 Section 4120 provides that any person *convicted* in Delaware of certain specified offenses *shall be registered* as a sex offender. The statute also provides for a judicial determination at the time of sentencing whether the defendant was convicted of one of the enumerated sexual offenses:

> The Court in which any such person described in this subsection is sentenced shall designate at the time of sentencing whether, with respect to such person, compliance with this subchapter shall be required.

By requiring the sentencing judge to focus on the offense for which the defendant was convicted, the Delaware statute makes an independent judicial determination a prerequisite for sex offender registration status.

 The judicial scrutiny that is statutorily mandated at the time of sentencing insures that sex offender registration will be based upon the actual offense for which the defendant was convicted irrespective of the original charge.[12] If the sentencing judge determines that the conviction was for one of the offenses enumerated in the statute, however, the defendant *must* be registered as a sex offender.[13] The record reflects that the Superior Court was statutorily mandated to order Coleman's registration as a sex offender after it properly determined that Coleman had been convicted of a crime specified in the statute.

### Conclusion

The judgments of the Superior Court are affirmed.

---

7. 11 *Del. C.* § 203.

8. *Daniels v. State*, Del.Supr., 538 A.2d 1104, 1110 (1988).

9. *Id.*

10. *Hudson Farms, Inc. v. McGrellis*, Del. Supr., 620 A.2d 215, 217 (1993).

11. *Id.*

12. *See Marine v. State*, Del.Supr., 624 A.2d 1181, 1186 (1993).

13. *Compare In re Pachero*, Del.Fam., No. JS96–1619 (June 25, 1998) *with In re Fisher*, Del.Fam., No. JK–00037 (Jan. 27, 1998). To the extent that the ruling in *Fisher* is inconsistent with this Opinion, it is overruled.