JOSEPH C. JACKSON, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 48, 2009
Supreme Court of Delaware.
Submitted: August 10, 2009.
Decided: September 8, 2009.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice
This 8th day of September 2009, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Joseph C. Jackson, filed an appeal from the Superior Court's January 27, 2009, order denying his motion for correction of an illegal sentence pursuant to Superior Court Criminal Rule 35(a). The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.
(2) In December 2008, Jackson, who was represented by counsel, pleaded guilty to two counts of Delivery of Cocaine. In the plea agreement signed by Jackson, he agreed that he qualified for sentencing as a habitual offender under Del. Code Ann. tit. 11, §4214(a).[1] Jackson was sentenced as a habitual offender to twelve years of Level V incarceration on the first delivery conviction and to a suspended sentence of one year at Level III probation on the second delivery conviction. Jackson did not file a direct appeal from the guilty plea proceedings.
(3) In this appeal, Jackson makes three claims that may fairly be summarized as follows: The Superior Court erred by not relying upon Del. Code Ann. tit. 16, §4763(a)(1)c rather than the habitual offender statute when it imposed sentence, which would have permitted a maximum sentence of only five years at Level V. Therefore, he argues, the Superior Court should have granted his motion for correction of illegal sentence.
(4) The statute relied upon by Jackson provides for enhanced penalties for repeat drug offenders.[2] While Jackson is unquestionably a repeat drug offender, there is no legal support for his claim that, for that reason, the General Assembly did not intend for the habitual offender statute to apply to him.[3] The record reflects that the State provided the required proof supporting Jackson's status as a habitual offender at his sentencing hearing.[4] As such, the Superior Court properly sentenced him as a habitual offender and, because Jackson failed to demonstrate that he was entitled to relief under Rule 35(a),[5] properly denied his motion for correction of an illegal sentence. We, therefore, conclude that the judgment of the Superior Court should be affirmed.
(5) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Jackson previously was convicted of drug charges in 1991, 1999 and 2001.
[2] Powell v. State, 332 A.2d 776, 779-80 (Del. 1975).
[3] Coleman v. State, 729 A.2d 847, 850-51 (Del. 1999).
[4] Siple v. State, 701 A.2d 79, 85 (Del. 1997).
[5] Brittingham v. State, 705 A.2d 577, 578 (Del. 1998).